**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernesto GUTIERREZ–BARREDA,**
**Defendant–Appellant.**

No. 04–10296.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2005.*

Decided June 23, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

**42**

---

Jeffrey H. Jacobson, Esq., Brad Giles, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Charles Norman Kendall, Jr., Kendall Law Firm PC, Nogales, AZ, for Defendant–Appellant.

Before: BRIGHT,** TASHIMA, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Ernesto Gutierrez–Barreda was convicted after pleading guilty to illegally entering the United States from Mexico after a previous deportation in violation of 8 U.S.C. § 1326 (count 1) and escaping from the custody of law enforcement officials in violation of 18 U.S.C. § 751 (count 2). Gutierrez–Barreda appeals from the district court's judgment and sentence. We affirm the conviction and remand the case to the district court, to determine whether the

---

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

sentence would have been different under an advisory sentencing guidelines regime.

We consider Gutierrez–Barreda's assertions of error briefly in turn.

First, Gutierrez–Barreda challenges his sentence. He was sentenced under the Federal Sentencing Guidelines, the district court then considering itself bound by the Guidelines. Gutierrez–Barreda's sentence was increased under the Guidelines because of his prior convictions, which he did not admit and which were not proved to a jury. Gutierrez–Barreda argues that this was unconstitutional, under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). That argument, however, has since been overtaken by *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ Second,[1] Gutierrez–Barreda argues that the district court committed reversible error by denying his request, at sentencing, to withdraw his guilty plea entered four months earlier. "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." *U.S. v. Nostratis,* 321 F.3d 1206, 1208 (9th Cir.2003). Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a guilty plea may be withdrawn prior to sentencing if the defendant "can show a fair and just reason for requesting the withdrawal."

Appellant asserts no defect in the plea proceedings, but says merely that in the four months between the entry of the plea, which was accompanied by a mitigation hearing, and the sentencing date, he changed his mind about the plea, having decided that the testimony at the mitiga-

---

1. Gutierrez–Barreda also argues that the district court committed reversible error by failing to award a downward adjustment from the Guidelines, in recognition of his acceptance of responsibility. In light of our remand for further proceedings concerning the sentence, we need not now address this issue.

tion hearing established a complete defense to the charges. Gutierrez–Barreda's position is essentially that a defendant should be able to moot his defense case in a mitigation hearing, following a plea of guilty, and then decide whether the testimony will work for trial. Appellant cites no authority to support this position, and we reject it.

■ Third, Gutierrez–Barreda argues that the district court committed reversible error by denying his motion to represent himself at sentencing. This circuit has "not yet clarified whether denial of a *Faretta*[2] request [to discharge counsel and proceed *pro se* ] is reviewed de novo or for abuse of discretion." *United States v. Kaczynski,* 239 F.3d 1108, 1116 (9th Cir. 2001). We find it unnecessary to decide the matter in this case. The district court's factual findings, however, are reviewed for clear error. *United States v. George,* 56 F.3d 1078, 1084 (9th Cir.1995). The motion was made in conjunction with the motion to withdraw the guilty plea, in anticipation of a later trial. Because we affirm the denial of the motion to withdraw the plea, the issue of representation concerns only the sentencing proceeding.

The district court found that Gutierrez–Barreda's motion was made for purposes of delay, and Gutierrez–Barreda has not shown that this finding was clearly erroneous. Additionally, because of the limited nature of the sentencing proceeding, and because Gutierrez–Barreda was able to address the court directly, it appears that Gutierrez–Barreda suffered no prejudice by the denial of his motion. Nor has he argued that he did suffer prejudice. If, on remand, the court determines that resentencing is appropriate, it should consider any new, timely *Faretta* motion by Gutierrez–Barreda to represent himself in further proceedings concerning sentencing.

■ Finally, we consider *sua sponte* whether the Supreme Court's recent decision in *Booker* affects the present case. The Court in that case decided that it is unconstitutional for a sentence to be increased under the mandatory Guidelines on account of facts not admitted or proven to a jury (other than the fact of a prior conviction). The Court decided further that, to cure the constitutional defect, the Guidelines must in all cases be construed as advisory rather than mandatory.

In this case, the then-mandatory Guidelines sentence was not unconstitutionally increased on account of a fact not admitted or proven to a jury. The sentence therefore bears no constitutional defect—the defect on account of which the Supreme Court rendered the Guidelines advisory.

However the district court erred in treating the Guidelines as binding, and the sentence reflects this error. It appears from the record before us, however, that while he was before the district court Gutierrez–Barreda did not object to the court's treating the Guidelines as mandatory. Any appellate review of this error is, therefore, for plain error. *See United States v. Olano,* 507 U.S. 725, 732–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

This Circuit has recently created a procedure for determining plain error issues involving the erroneous application of mandatory sentencing guidelines. *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005). In brief, where the record on appeal is insufficient for us to determine whether the district court would have imposed a lighter sentence under advisory, rather than mandatory, guidelines, we will remand the case for the district court to answer that question. *Id.* at 1074.

This case is like *Ameline* in that the record is insufficient to determine what the district court would have done if it had

---

**2.** *Faretta v. California,* 422 U.S. 806, 95 S.Ct.     2525, 45 L.Ed.2d 562 (1975).

taken the guidelines as advisory. The case differs from *Ameline,* however, in that Gutierrez–Barreda has not sought a remedy from this court for the district court's error in treating the guidelines as mandatory. Nonetheless, because Gutierrez–Barreda did raise an argument under *Blakely,* which his counsel may have thought adequate to request all relief available under *Booker,* we will treat this case like *Ameline. Id.* at 1084 ("Even where the briefs filed by the parties do not raise a *Booker* objection, we conclude that the issue may be raised and should be considered.").

Accordingly, we remand the case to the district court to determine whether the sentence would have been lighter under an advisory guidelines regime. If the court determines in the affirmative, then the district court shall vacate the current sentence and resentence Gutierrez–Barreda.

Judgment of conviction AFFIRMED and REMANDED.